## White Estate

*Elmer C. Pfeiffer, Henry M. Keller* and *Wallace C. Stilz,* for accountants.

*Leonard F. Markel, Jr., Guy W. Davis,* and *M. Paul Smith,* for beneficiaries.

*Milton Jacobson,* for claimants.

HOLLAND, P. J., and VAN RODEN, P. J. (thirty-second judicial district, specially presiding), March 9, 1951.— Decedent died March 29, 1932. By his will he devised and bequeathed the residue of his estate in trust for the payment out of net income of the annual sum of $5,000 unto his wife Martha C. White for life, and of the weekly sum of $10 per week to or for the maintenance of his son, George H. White, during his lifetime and any remaining balance of income to be paid to his other children during the life of his wife, and upon the death of his wife the remainder to be distributed among his other children and their issue per stirpes, in accordance with the terms of the will. Decedent expressly provided that "the issue of my son George H. White shall not succeed to their parent's share", and that "issue of my son George H. White shall not be figured in determining the number of distributive shares".

By adjudication dated May 31, 1933, this court (per Holland, P. J.) held that the annuities created by decedent's will were payable in the order in which they were mentioned; that is, the widow was entitled to first priority of payment, then George H. White was entitled to the second priority of payment, and that decedent's daughters, Mary White Hougendobler and Irene White, were then entitled to payment; and it was also held that the annuities were cumulative.

George H. White, son of decedent, died on January 21, 1937. Prior to the date of his death he had not

received any of the weekly payments of $10 specified in the will.

During the period of the lifetime of George H. White the income from the estate was insufficient to pay to Martha C. White her annuity in full, and the arrearages on her annuity were not paid in full until March 29, 1947, which date was more than 10 years after the death of George H. White.

Martha C. White, widow of decedent, died on June 17, 1950.

At the audit of the trustees' account, following the death of Martha C. White, the heirs of George H. White presented a claim against the estate, alleging that they are entitled to receive a sum equivalent to the total of accumulated payments at the rate of $10 per week from the date of decedent's death until the date of death of George H. White.

By adjudication dated December 12, 1950, the auditing judge (van Roden, P. J., O. C., Del. Co., specially presiding) disallowed and dismissed the claim on the ground that all the income from the estate earned or accumulated during the lifetime of George H. White was allocable to the annuity of Martha C. White, that no portion of same could properly have been paid to George H. White during his lifetime, and that his interest in the estate ceased at the time of his death, there being at that time no accumulated income which was available for the payment of his annuity and testator having specifically provided in his will that "issue of my son shall not succeed to his parent's share".

Exceptions to the adjudication nisi were filed on behalf of the heirs of George H. White, and oral argument and written briefs were submitted to the court en banc (Holland, P. J., and van Roden, P. J.).

The main contention of exceptants is that the estate was composed mostly of unproductive real estate which was not sold until after the death of George H. White

and the proceeds of the sale of such real estate should be apportioned between principal and income under the doctrine of Levy's Estate, 333 Pa. 440 (1939). In the opinion of the court, the instant case is not within the purview of Levy's Estate, since the "unproductive real estate" mentioned in the latter case was composed mostly of vacant ground. In the instant case, however, the real estate consisted of small dwelling-houses which were not unproductive but merely rented at rentals considered by exceptants to be inadequate. There was, however, a surplus of net income over and above the carrying charges, which income was available for payment on account of the annuity of Martha C. White. The fact that such income was insufficient to pay Martha C. White in full, thereby precluding any payments on account of the annuity of George H. White, does not warrant the classification of the real estate as "unproductive" within the meaning of that term as used by the Supreme Court in Levy's Estate.

The equities of the situation do not favor claimants. Under the law of this case as established by President Judge Holland in his adjudication sur the executors' account, the widow was the primary object of testator's bounty, and her annuity was cumulative. There would be no significance given to the factor of accumulation if testator had intended the deficit of the annuities to be made up out of principal. Accordingly, we are bound to conclude that it was testator's intention that no part of the annuity due his son should be paid out of principal nor should it be paid out of income unless and until the annuity of the widow was first fully satisfied.

Of even greater significance is the obvious intention, as ascertained from a reading of the will, that the weekly payments of $10 to George H. White were intended for his personal maintenance and support during his lifetime. Decedent expressly excluded the

issue of George H. White from any participation in the principal or income of his estate. During the lifetime of George H. White no claim for payments on account of the annuity were presented to the trustees and there were no funds then available for such payments. It so happened that after the date of the death of George H. White the income increased to a degree which made it possible to accumulate sufficient funds to include the payments of the arrearages on the annuity of Martha C. White.

It follows, therefore, that at the time of his death, George H. White had no interest in the estate which could pass unto his heirs at law. Since such heirs at law were expressly eliminated by testator from participating in the estate and since George H. White's interest in the estate terminated upon his death, the claimants have presented no legal basis for the allowance of their claim, and after full and careful consideration and review of the entire matter, the court is of the opinion that the claim was properly disallowed and dismissed by the auditing judge, and the exceptions must be dismissed.

Accordingly, the court enters the following

### Decree

And now, to wit, March 9, 1951, exceptions to the adjudication nisi in the above-captioned estate having come on to be heard and considered by the court en banc, it is ordered, adjudged and decreed as follows:

1. The exceptions of Abigail White and Warren White, heirs of George H. White, deceased, to the adjudication nisi dated December 12, 1950, are hereby dismissed.

2. The adjudication of December 12, 1950, is hereby ratified and confirmed absolutely.

3. The parties shall bear their respective costs.